**M. S., on behalf of herself and all others similarly situated**

v.

**Robert WERMERS et al.**

**No. CIV 75–5015.**

United States District Court, D. South Dakota.

March 5, 1976.

---

5. 29 U.S.C. § 203(v), (w).

from the defendants through the Pennington County Health Department. The complaint further alleges that plaintiff was precluded from obtaining such services and supplies because of defendants' policy of requiring written parental consent for such services and supplies. Additionally, it is alleged that the defendants, through the Pennington County, South Dakota Health Department, offers family planning services, contraceptive services and supplies to the public at a nominal charge of $2.00, or free of charge. Complaint further alleges that these services as provided through local, state and federal funds, including funding through the United States Department of Health, Education and Welfare and that all residents of Pennington County are eligible to receive these services, but minors are not provided contraceptive services and supplies without parental consent.

The complaint urges that jurisdiction of this matter is conferred by 28 U.S.C. § 1343 because plaintiff's cause of action arises under 42 U.S.C. § 1983 in that defendants, while acting under color of state law, have deprived plaintiff and all others similarly situated of rights secured by the Constitution of the United States. Plaintiff additionally urges that this Court has authority to grant the declaratory relief requested pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

The complaint specifically urges that plaintiff should be permitted because of the nature and circumstances of this case to proceed without appointing a guardian *ad litem* under the provisions of Rule 17(c) of the Federal Rules of Civil Procedure.

From the file and records in this action, together with the testimony taken in the May 16, 1975 and February 9, 1976 hearings before this Court, it is now abundantly clear that the policy of defendants has been and now is to provide family planning services, contraceptive services and supplies to the public at a nominal fee, or, if they establish indigency, at no charge. However, as to pre-

Ben Stead, Black Hills Legal Services, Inc., Rapid City, S. D., for plaintiff.

John K. Konenkamp, Deputy States Atty., Rapid City, S. D., for defendants.

## MEMORANDUM OPINION

BOGUE, District Judge.

Plaintiff in this action is identified as M. S. and is alleged to be a fifteen-year old, unmarried female who attempted, without written parental consent, to procure contraceptive services and supplies

**314**

scription contraceptives for sexually active unmarried minors it is necessary to have the approval of parents. In other words, the plaintiff, whomever she may be, desires prescription contraceptives at government expense without first obtaining parental approval. She is already able to obtain non-prescription contraceptives without parental approval at the expense of the taxpayers.

This opinion will deal solely with the issue of the necessity of a guardian or guardian *ad litem* to represent a minor plaintiff's interest. Rulings on all other issues herein will be reserved until this issue is ultimately resolved.

Rule 17 of the Rules of Civil Procedure requires every action to be prosecuted in the name of the real party in interest, and that the capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. Rule 17(c) of the Rules of Civil Procedure further provides:

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian *ad litem*. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action *or shall make such other order as it deems proper for the protection of the infant or incompetent person.* (Emphasis added.)

■ For the purpose of this opinion, this Court takes judicial notice of the fact that the term "infant" is to be considered synonymous with the term "minor."

Section 15–6–17(c) of the South Dakota Compiled Laws requires that "if an infant or incompetent person does not have a general guardian, he may sue by a guardian *ad litem*. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action *or shall make such other order as it deems proper for the protection of the infant or incompetent person* and may make such appointment notwithstanding an appearance by a general guardian." (Emphasis added.) Also, S.D.C.L. § 26–1–3 provides that "a minor may enforce his rights by civil action, or other legal proceedings, in the same manner as a person of full age, except that a guardian must be appointed to conduct the same."

■ Counsel for plaintiff urges that he is competent to adequately protect the interests of the minor plaintiff in this case without the appointment of a guardian *ad litem*. This Court rejects this contention. It is manifest from the records and testimony in this case that much confusion and misunderstanding exists today—even within the ranks of the medical profession—as to the physical and psychological side effects of prescription contraceptives such as birth-control pills and I.U.D.s. Birth-control pills can interfere with a young girl's normal physiology and growth. Some of the side effects of the pill are nausea, vomiting, spotting, irregular periods, amenorrhea, blood clots, headaches, high blood pressure, depression and weight gain. I.U.D. complications are hemorrhage, infection and pain. Each female is individual and her needs for contraception are too.

■ In view of the many complex medical matters attendant upon the use of prescription contraceptives and in view of the possible exposure of plaintiff to serious risks, and in view of the further fact that there is presently ready availability of non-prescription contraceptives to any sexually active unmarried minor female, this Court finds that informed consent by the plaintiff has not been established to the satisfaction of this Court as to the commencement of this action and that the interests of the minor plaintiff need additional protection, therefore, a guardian *ad litem* must be appointed to represent and protect the interests of the plaintiff herein before this action may proceed further.

An order of this Court will follow this opinion directing the making of an application to this Court for an appointment of a guardian *ad litem* for plaintiff herein not later than March 15, 1976. Upon the receipt of such application a time and place for hearing of such application will be set by this court with notice to the parents of the plaintiff required to be given at least five days in advance of such hearing.

In the event that application for a guardian *ad litem* is not made as ordered, then this Court will forthwith dismiss this action.

This Memorandum Opinion shall constitute this Court's findings of fact and conclusions of law as to the issue of the necessity of the appointment of a guardian *ad litem* for the minor plaintiff.